[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10119

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALEJANDRO ACEVEDO LUNA,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00020-CEM-DAB-2

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Alejandro Acevedo Luna appeals his sentence of 180 months of imprisonment imposed after he pleaded guilty to conspiring to possess with intent to distribute 400 grams or more of a substance containing fentanyl. 21 U.S.C. §§ 846, 841(b)(1)(A). Acevedo Luna argues that his sentence is substantively unreasonable. He also argues, for the first time on appeal, that his sentence is procedurally unreasonable. We affirm.

Acevedo Luna agreed to plead guilty to conspiring to possess with intent to distribute 400 grams or more of fentanyl. *Id.* His written plea agreement included a factual basis for the crime, in which he admitted that he bought a one-kilogram package of fentanyl from Luis Omar Rosa Cotto and planned to sell the fentanyl for $33,000 with the help of Juan Carlos Garcia. Garcia later recorded a video of himself holding the same package of fentanyl. The next day, police officers lawfully stopped a vehicle in which Garcia and Acevedo Luna were traveling. Acevedo Luna was in the passenger seat, and officers found the package of fentanyl in the backseat on the passenger's side. The package was identical to the one Acevedo Luna bought from Rosa Cotto and that was featured in Garcia's video. Officers also found a loaded firearm, which Garcia stated was his. Acevedo Luna later admitted that he was traveling to transact a drug sale, Garcia was assisting him with the sale,

and he obtained the fentanyl from Rosa Cotto. Agents found on Acevedo Luna's cell phone a photograph sent by Rosa Cotto of the same package of fentanyl.

Acevedo Luna's presentence investigation report initially provided a base offense level of 30 based on the substance being pure fentanyl. United States Sentencing Guidelines Manual § 2D1.1(c)(5) (Nov. 2021). But after the substance was tested, the probation officer advised that the report would be amended to reflect that the substance was fluorofentanyl, a fentanyl analogue, which would result in a higher base offense level of 34. *Id.* § 2D1.1(c)(3). Acevedo Luna objected that his plea agreement stipulated only that the substance was fentanyl. The government also objected to the initial report and argued that an obstruction-of-justice enhancement should be applied because he had perjured himself at Garcia's trial by giving testimony that was inconsistent with his post-arrest statements and factual proffer, including that Garcia was unaware that they were driving to a drug deal when they were stopped, that Acevedo Luna never previously purchased drugs from Rosa Cotto, that Garcia never saw or discussed the drugs with Acevedo Luna, and that Garcia was not the person holding the drugs in the video. The government also objected that he should not receive a two-level reduction for acceptance of responsibility.

The final presentence report provided an advisory sentencing range of 188 to 235 months of imprisonment based on a total offense level of 36 and a criminal history category of I. Acevedo Luna's total offense level was based on a base offense level of 34 for

1,018.5 grams of fentanyl analogue, *id.*, a two-level enhancement for the firearm, *id.* § 2D1.1(b)(1), a two-level enhancement for obstruction of justice, *id.* § 3C1.1, and a two-level reduction for acceptance of responsibility, *id.* § 3E1.1(a).

At sentencing, Acevedo Luna confirmed that his guilty plea was unaffected by the substance being a fentanyl analogue instead of fentanyl and reaffirmed his guilty plea. He and the government requested a four-level downward variance to uphold the original signed plea agreement and to consider the sentence imposed on one of his codefendants. The district court granted the request for a "four-point level reduction" and adopted the undisputed factual statements and Guideline applications in the presentence report. The district court also determined that the acceptance-of-responsibility reduction applied because he reaffirmed his guilty plea.

The district court invited the parties to discuss the obstruction-of-justice enhancement for perjury. The government argued that Acevedo Luna's perjury at Garcia's trial was severe and could have resulted in a hung jury. Acevedo Luna explained that he changed his story because a jail guard told other inmates about his cooperation, which led to speculation about his frequent trips to court. He argued that he intended to tell the truth at Garcia's trial but "froze" because he was afraid for his family. After the district court called Acevedo Luna's decision to testify falsely before a jury "a severe action" that needed to be addressed, his counsel conceded that "it is extraordinary" and that he had never seen someone change their testimony and "do[] a 180 on the stand." The district

court stated that it would accept Acevedo Luna's explanation for his poor decision, but it also had to "consider the real possibility that [he] made this whole thing up in order to try to mitigate the impact of his false testimony at trial." Acevedo Luna maintained that his story was plausible and emphasized that he had been cooperative up until Garcia's trial. With the obstruction-of-justice enhancement, the probation officer explained that Acevedo Luna's total offense level still was 36, because the district court would then vary downward by four levels. After applying the four-level downward variance, the district court stated that the advisory sentencing range was 121 to 151 months of imprisonment.

The district court imposed a sentence of 180 months of imprisonment. The district court explained that this was an "extremely dangerous" offense and that it could not "imagine how many people [one kilogram of fentanyl] could kill." The district court stated that it believed Acevedo Luna was "very involved" in the drug trade based on how he was able to procure $33,000 of fentanyl within hours of requesting it. The district court explained that the other problem was Acevedo Luna's perjury. The district court explained that it "had the benefit of watching his body language" when he turned on the government at trial and saw that he remained "defiant and unapologetic" despite his self-contradictory statements about Garcia's involvement. The district court stated that "the most dangerous person to the process is not the one who gets caught . . . but the one that tries to attack the foundation of the process." It found that Acevedo Luna was "extremely dangerous" because instead of refusing to testify, he took a "very severe course

of action" in perjuring himself, which required a severe consequence. In explaining why Acevedo Luna's sentence was 60 months longer than Rosa Cotto's sentence of 120 months, it stated: "Had [Acevedo Luna] followed [counsel's] instructions and testified truthfully or said he wasn't going to testify, he could conceivably be looking at the same sentence that Rosa Cotto got, but he's not looking at that sentence now." Acevedo Luna initially declined to object but later accepted an invitation by the district court to preserve an objection to the substantive reasonableness of his sentence due to the upward variance.

We review the reasonableness of a sentence for abuse of discretion. *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013). The district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). The district court also "has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate." *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023). We will disturb the sentence if, but only if, we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

Acevedo Luna's sentence is substantively reasonable. The district court reasonably determined that varying upward to a sentence of 180 months was necessary to account for his "severe course of action" of defiantly and unapologetically perjuring himself at Garcia's trial and his serious offense involving a large amount of a lethal controlled substance. *See Oudomsine*, 57 F.4th at 1266. In finding that Acevedo Luna was an "extremely dangerous" person who had committed an "extremely dangerous" offense, the district court viewed his perjury as an attack on the foundation of judicial process and reasonably determined that the consequence for this "very severe course of action" must also be severe. The district court did not abuse its discretion. *See United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) ("[A] sentencing court may impose an upward variance based upon uncharged conduct as it relates to the history and characteristics of the defendant, as well as the need to promote respect for the law, afford adequate deterrence, and protect the public.").

Acevedo Luna argues that the district court failed to consider whether the upward variance created unwarranted disparities with his codefendants' sentences. *See* 18 U.S.C. § 3553(a)(6). We disagree. Even if this were an appropriate basis for relief, *see United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015), Acevedo Luna is not similarly situated with his codefendants. Indeed, the district court explained to Acevedo Luna that if he had "testified truthfully or said he wasn't going to testify, he could conceivably be looking at the same sentence that Rosa Cotto got, but he's not looking at that sentence now." And insofar as Acevedo Luna seeks to

challenge the procedural reasonableness of his sentence on this ground, he cannot establish that the district court plainly erred by not addressing this statutory sentencing factor, 18 U.S.C. § 3553(a)(6). *See United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007) ("[A] district court need not account for every § 3553(a) factor, nor must it discuss each factor and the role that it played in sentencing.").

We **AFFIRM** Acevedo Luna's conviction and sentence.